United States District Court
Southern District of Texas
**ENTERED**
February 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LUCIO MORALES MUCINO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-108 |
| | § | |
| PAMELA BONDI *et al.* | § | |

## ORDER

Petitioner's Writ of Habeas Corpus is **GRANTED IN PART** and **DENIED IN PART** (Dkt. No. 1).[1] Given the circumstances, the Court resolves the issues without a response or hearing. *See* 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ *or* issue an order directing the respondent to show cause why the writ should not be granted, . . . ." (emphasis added)); *see also Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989); *see also* Rules 4, 1(b) of the Rules Governing Section 2254 Proceedings.

The Court finds 8 U.S.C. § 1226(a) applies to Petitioner's detention.[2] *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3–4 (S.D. Tex. Oct. 7, 2025)

---

[1] The Undersigned has already granted Petitioner's relief on the merits in a *myriad* of cases. "[Y]et Respondents insist upon denying the relief that the Court has found is required." *J.B.H.P. v. Warden, Stewart Det. Ctr.*, No. 4:25-CV-494-CDL-AGH, 2025 WL 3762821, at *1 (M.D. Ga. Dec. 30, 2025); *see also Lahera Lopez v. Noem*, No. 5:26-CV-0099-JKP, 2026 WL 198237, at *1 (W.D. Tex. Jan. 22, 2026) (Pulliam, J.) ("A path paved from an overwhelming majority of cases addressing the issues, . . . has unanimously rejected Respondents' position when faced with typical facts, such as those present here.").

[2] The Court declines to decide the due process claims as the Court grants relief based on the applicability of section 1226(a) alone. *See Pizarro Reyes v. Raycraft*, No. 25-cv-12546 (RJW), 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025). Nor will the Court reach Petitioner's Administrative Procedure Act and Suspension Clause claims for that same reason (*see* Dkt. No. 1 at 26–28). *See Mendoza-Menjivar v. Bondi*, No. 1:25-CV-2060-DAE, 2026 WL 89964, at *4 (W.D. Tex. Jan. 12, 2026) (Ezra, J.); *Jacobo v. Ripa*, No. 2:25-CV-1190-KCD-NPM, 2026 WL 145460, at *2 (M.D. Fla. Jan. 20, 2026) (citing *Pizarro Reyes*, 2025 WL 2609425, at *8).

Moreover, when a filing contains both habeas and non-habeas claims, the proper course is to bifurcate the matters and decide them separately. *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *3 (W.D. Tex. June 18, 2020) (Pulliam, J.) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31

(collecting cases); *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541, at *5 (D. Me. Sep. 22, 2025) (describing the abundance of "persuasive" and "well-reasoned" opinions on this issue by district courts across the country); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025); *Cabrera-Hernandez v. Bondi*, No. 5:25-CV-197, 2025 WL 3684694, at *3–4 (S.D. Tex. Dec. 2, 2025) (Garcia Marmolejo, J.) (noting the "strong consensus" regarding the statutory language).

For the reasons elucidated in other cases, Respondents are **ORDERED** to provide Petitioner with a bond hearing pursuant to § 1226(a) no later than **February 6, 2026**. To the extent the Petition seeks Petitioner's release, it is **DENIED**. *See Jacobo*, 2026 WL 145460, at *1 (the district court is without authority to order immediate release when the appropriate relief is a bond hearing under § 1226(a)). All other relief not expressly provided is **DENIED**.

Although the Court is terminating the case, the parties are **ORDERED** to update the Court on the status of the bond hearing no later than **February 13, 2026**.

The Clerk of Court is **DIRECTED** to serve a copy of Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and this Order on Respondents via certified mail return receipt requested at the following addresses:

Pamela Bondi
United States Attorney General
950 Pennsylvania Avenue NW
Washington, District of Columbia 20530

Kristi Noem
United States Secretary of Department of Homeland Security
245 Murray Lane SW
Mail Stop 0485
Washington, District of Columbia 20528

---

(5th Cir. 1995) (per curiam)). "But, as here, when a case has proceeded entirely as a habeas action to final resolution, there is no need to determine the substance or procedural viability of any non-habeas claim given the dispositive determination on the primary habeas issue presented." *Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572, at *6 (W.D. Tex. Nov. 24, 2025) (Pulliam, J.).

Todd M. Lyons
Acting Director of Immigration and Customs Enforcement
500 12th Street SW
Washington, District of Columbia 20536

Sylvester Ortega
Acting Director of San Antonio Field Office of ICE ERO Division
1777 NE Loop 410, Floor 15
San Antonio, Texas 78217

Omar Juarez
Warden at the La Salle County Regional Detention Center
832 East Texas, HWY 44
Encinal, Texas 78019

Pursuant to Federal Rule of Civil Procedure 4(i)(2), the Clerk of Court is **DIRECTED** to serve copies of Petitioner's Writ of Habeas Corpus (Dkt. No. 1) and this Order via certified mail return receipt requested on the following:

United States Attorney
Attention: Civil Process Clerk
1000 Louisiana Street, Suite 2300
Houston, Texas 77002

*See also* Rules 1(b), 12 of the Rules Governing Section 2254 Proceedings.

The Clerk of Court is also **DIRECTED** to electronically serve a courtesy copy of this Order on the Southern District of Texas's Civil Chief Daniel Hu at USATXS.CivilNotice@usdoj.gov.

The Clerk of Court is **DIRECTED** to **TERMINATE** this civil action. The Court will enter Final Judgment under separate cover. *See* Fed. R. Civ. P. 58(a).

It is so **ORDERED**.

**SIGNED** January 30, 2026.

_____
Marina Garcia Marmolejo
United States District Judge